# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| TIMOTHY JENKINS, )<br>      Plaintiff, )<br>)<br>    v. )<br>)<br>ARCELORMITTAL USA LLC, )<br>      Defendant. ) | CAUSE NO.: 2:20-CV-35-JTM-JPK |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Defendant ArcelorMittal USA LLC invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing a Notice of Removal to federal court. As the party seeking federal jurisdiction, Defendant has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Plaintiff Timothy Jenkins and Defendant must be citizens of different states, and the amount in controversy must be more than $75,000. Defendant has alleged a sufficient amount in controversy. Defendant has also sufficiently alleged the citizenship of Plaintiff. However, the allegations are insufficient as to the citizenship of Defendant.

The Notice of Removal contains the following allegations as to the citizenship of Defendant:

> The sole member of ArcelorMittal USA LLC is ArcelorMittal USA Holdings II LLC. The sole member of ArcelorMittal USA Holdings II LLC is ArcelorMittal North America Holdings LLC. The sole member of ArcelorMittal North America Holdings LLC is ArcelorMittal Holdings LLC. The sole member of ArcelorMittal Holdings LLC is ArcelorMittal USA Holdings LLC. The sole member of ArcelorMittal USA Holdings LLC is Ispat Inland S.a.r.l, which is a limited liability company. Ispat Inland S.a.r.l is wholly owned by ArcelorMittal, a Luxembourg public limited liability company (*société anonyme*) with its principal place of business in Luxembourg, Grand Duchy of Luxembourg. Therefore, ArcelorMittal USA LLC is a foreign company for purposes of diversity of jurisdiction.

(Notice of Removal ¶ 9, ECF No. 1). These allegations may prove insufficient for the purpose of determining citizenship.

A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). The Court must therefore be advised of the identity of each member of a limited liability company and advised of each member's citizenship. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well.").

In the instant matter, Defendant represents, without any citation to law, that Ispat Inland S.a.r.l. is a limited liability company. "A S.A.R.L. is a 'société à responsabilité limitée,' a corporate form available in many countries, including France, Luxembourg, and Switzerland." *Arcelormittal Indiana Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2016 WL 3587143, at *1 (N.D. Ind. July 5, 2016). However, "federal courts that have conducted a jurisdictional analysis of the issue have not decisively concluded how a S.A.R.L. should be treated for the purpose of diversity jurisdiction." *TCD Royalty Sub LLC v. Galderma Labs. L.P.*, No. 16-CV-9777 (VSB), 2018 WL 5629902, at *3 (S.D.N.Y. Oct. 31, 2018) (collecting cases noting the lack of authority regarding whether an S.a.r.l. should be considered a corporation or a limited liability company).

In the instant matter, if Ispat Inland S.a.r.l. is treated as a limited liability company for the purpose of determining citizenship in the context of diversity jurisdiction, it would be a citizen of Luxembourg because it is wholly owned by ArcelorMittal, a Luxembourg *société anonyme* with its principal place of business in Luxembourg, Grand Duchy of Luxembourg. *See Holt v. BSI Fin. Servs.*, No. 3:15-CV-557 JD, 2017 WL 3438192, at *2 n.4 (N.D. Ind. Aug. 10, 2017) (noting that a *société anonyme* qualifies for treatment as a corporation).

However, if Ispat Inland S.a.r.l. is treated as a corporation, the Court has insufficient allegations to determine its citizenship. A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Seventh Circuit Court of Appeals has further "held that 'when one corporation sues another and the only basis of federal jurisdiction is diversity, the [party asserting federal jurisdiction] must allege both the state of incorporation *and* the state of principal place of business for each corporation.'" *Wojan v. Gen. Motors Corp.*, 851 F.2d 969, 974-75 (7th Cir. 1988) (citing *Casio, Inc. v. S.M. & R. Co., Inc.*, 755 F.2d 528, 529-30 (7th Cir. 1985)); *see also Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 628 (7th Cir. 1998) ("in cases with corporate parties, it is necessary to allege both the state of incorporation and the state of the principal place of business, even if they are one and the same." (internal citation omitted)). If Ispat Inland S.a.r.l. is considered a corporation, the Court must be advised as to the country of its incorporation or formation and the country of its principal place of business.

Therefore, the Court **ORDERS** Defendant ArcelorMittal USA LLC to **FILE**, on or before **February 13, 2020**, a supplemental jurisdictional statement and supporting brief providing:

1. The country of incorporation (or formation) of Ispat Inland S.a.r.l.;
2. The principal place of business of Ispat Inland S.a.r.l.; and

3. A statement of law regarding the nature of the S.a.r.l. entity for the purpose of determining its citizenship in the context of diversity jurisdiction under 18 U.S.C. § 1332 and a discussion of why Ispat Inland S.a.r.l. should be considered either a corporation or a limited liability company in this context.

So ORDERED this 30th day of January, 2020.

s/ Joshua P. Kolar  
MAGISTRATE JUDGE JOSHUA P. KOLAR  
UNITED STATES DISTRICT COURT